**IN THE WESTERN WASHINGTON FEDERAL DISTRICT court OF WASHINGTON STATE**

| | |
|---|---|
| **TRAVIS M. GLENN** | **: DATE: 10-31-2023** |
| **PLAINTIFF** | : |
| **VS.** | : **CASE NO:** 2:23-cv-01796-JHC |
| **AMERICO LIFE AND ANNUITY COMPANY** | : |
| **DEFENDANT** | : |

FILED NOV 17 2023

---

## Complaint in Breach of Contract, Violations of Washington State Insurance Law and Tort Law Violations

AND NOW, comes the Plaintiff, Travis Glenn, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows. The Plaintiff initiates the instant litigation against the Defendant pursuant to their Contractual rights as an independent broker/agent of the Defendant and the various infringements of these rights over the course of various incidents of breach of contract and operating outside of Washington State insurance law.  Resulting in the direct and proximate causation of damages to the Plaintiff who is consequently seeking relief in the instant matter with all evidence enclosed substantiating these claims herein. The Plaintiff is seeking any and all applicable relief in the instant matter including compensatory and / or punitive damages as well as any and all applicable relief including but not limited to declaratory and / or injunctive relief.

### JURISDICTION AND VENUE

Jurisdiction is proper in this Court pursuant to original jurisdiction of this Court set forth in U.S.C. SS 118, 1391 and. Plaintiff and Defendant are diverse. Each residing in different states, Venue is proper because the Plaintiff alleges that the facts and circumstances giving rise to their causes of action occurred in King County, Washington a. 28 U.S.C. SS 118, 1391. We ask the

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

court to rule under Washington State Law and Insurance regulations referred to as Revised

Washington Code (RCW) and Washington Administrative Code (WAC). Due to fact all of the

business was transacted within the state of Washington.  The defendant is subject to personal

jurisdiction therein by virtue of their substantial, continuous, and systematic commercial

activities in this district. *See* 28 U.S.C. § 1391(b), (c).

## PARTIES

6. PLAINTIFF - Travis Glenn - resident in the instant district with an address of 11419 99th PL

NE #204 Kirkland, WA 98033

7. DEFENDANT Americo Financial Life and Annuity Insurance Company

 Administrative Office.  **PO BOX 410288. Kansas City, MO, 64141-0288** ...

## Statement of Facts

The Plaintiff Travis Glenn (Americo Agent Number FFLXHG) was appointed to the Defendant

Americo Life and Annuity Company during the year of 2021 as an independent life insurance

broker. As a Washington State licensed insurance producer and fiduciary (license number,

1086560), working in the interest of his clients. Mr. Glenn's appointment with the Defendant

allowed for him to present Americo life insurance, health and financial protection products to his

clients. During the year of 2021, submitting his first piece of business to Americo February 28th

2021. The Plaintiff began and unwillingly ended two different appointments with the Defendant.

One tenure of appointment starting in February of 2021, ending in July by request of the

Defendant. Then another tenure of appointment starting September 23rd, 2021 and ending once

again January 11th, 2021.

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

Over this time the Defendant committed several violations of Washington State Insurance Law, Tort Law Violations and Contractual Breach of agreement between the two parties. The events are in more detail below.

## Allegations against Americo Life Insurance and Annuity Company

### Wrongful and unlawful termination

Americo (the Defendant) wrongfully terminated Travis M Glenn's (The Plaintiff) appointments twice without legal cause or notice. Americo is an alien company with a certificate of authority within Washington State. This being said, Americo is governed by **RCW 48.17.591.** In which makes the Defendant's action of termination unlawful.  The Plaintiff believes this to be an oversight and violation of the law. **RCW 48.17.591 "No insurer may terminate its agency contract with an appointed insurance producer unless it complies with this section".** The rule goes on to the specific terms of notice, timeframe, obligations for both parties and the actions that each can take during a pending termination. **In which case, the Defendant did not give me timely notice of termination (120 days previous notice as mandated by Washington State Insurance Law) or honor any of the rights given to me as an appointed insurance producer**. The Defendant may argue that it is in my contract of appointment. Regardless of what Americo may have in their contracts for appointments. The Defendants policies do not supersede the law nor do they establish insurance rules or regulations.

### Malicious business practices

After my first termination July 28th 2021. The Defendant Americo, sent out letters to my clients stating that I had been terminated asking my former clients to appoint a new agent to their cases. **This action is a violation of RCW 48.30.010 Unfair competition within the insurance industry**. The Plaintiff believes these actions by the Defendant are not only illegal, but malicious in nature. More often

TRAVIS M. GLENN VS AMERICO FINANACIAL LIFE AND ANNUITY INSURANCE COMPANY

referred to as unfair business practices. **According to Washington State Insurance Law RCW 48.30.010 it is unlawful to speak down or present a state insurance insurer and/or agent to another insurance agency and/or agent in a negative light or to prospective clients, also the general public.**

The Defendant took action in terminating policies of my clients outside of the expressed agreement with my clients via my appointment by the carrier. Americo's lapse and chargeback procedures follow these guidelines:

If the initial premium is not taken for any reason, in the control of the client. Americo guidelines give the client **90 days** after their initial premium due date to satisfy their past due balances. They also alert the agent (in this case Travis M. Glenn) to begin a conservation effort. When the Plaintiff was terminated for a length of a little over one month, July 28th 2021 to September 1st 2021. From Americo Life Insurance and Annuity Company, there were four accounts that lapsed within a month's time while Mr. Glenn was no longer in business with the Defendant. The Plaintiff was never given notice to begin conservation efforts, to prevent loss of the client and financial hardship to the Plaintiff. Nor was Plaintiff given notice prior to his short termination, that these accounts were pending lapse. **When Travis Glen was reappointed a month later September 23rd 2021, he arrived at a $5,126 chargeback after having zero dollars in chargeback debt prior to his short termination.**

**Unlawful disregard to Covid-19 State and Federal guidelines**

The Defendant terminated policies of Mr. Glenn's clients outside of the expressed written contractual agreement with Travis Glenn's clients. If the initial premium is not taken for reasons on behalf of the client. Americo guidelines give the client 90 days after their initial premium due date to satisfy their past due balances. **In addition to the 90 day grace period Americo was mandated by the State of Washington, under emergency order 20-02 to extend the grace period for another 60 days.** In response to the Covid-19 pandemic Health and financial relief efforts. The evidence present in [Exhibit I ] serve policies lapsed in less than 60 days from the date of their last payment of premium.

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

**Unfair business practices**

      As an independent life insurance producer, the plaintiff was terminated without due process of notice or appeal. The Plaintiff's book of business developed over the time of appointment was taken from me without cause or notice. The Plaintiff paid the price of acquisition for all of his clients. The average cost of acquisition is $1,280 per client within the insurance industry. The Plaintiff is seeking damages for the loss of these clients. The Plaintiff, Travis Glenn also has a duty to his clients and their policies long after they gain their coverage. This is mandated by Washington State Insurance Law.

      The Plaintiff was never given a chance to correct his work or business before termination i.e. A notice of Cease and Desist. The Plaintiff was not given the ability to dispute the accounting errors made by the defendant's commission reports [Exhibit I] . These errors have resulted in over **$17,000 dollars in chargebacks and a loss of $24,000 in completed business**. These chargebacks seem to be a reversal of all of Travis Glenn's business since his first appointment with the carrier. Unfortunately, the defendant has yet to disclose the nature of these chargebacks or given the Plaintiff the contact information to his former clients in order to resolve these chargebacks.

      These actions by the defendant have changed Travis Glenn's relationships with other carriers. Due to the Vector One report, which Americo has submitted to their agency. Vector One is a Commercial Debt posting board for insurance and business to business debt. Other carriers use Vector One's listing to determine the quality of business a prospective agent might bring with a new appointment. Due to this post, Travis Glenn was dropped from and unable to gain appointments with some of the preferred carriers.

      My relationship with the defendant and their company was deemed ineligible for re-appointment without cause or due process. Which is unlawful by WAC 284-17-439 "Notice that a licensee is not eligible for an

electronic appointment or affiliation. A licensee is not eligible for

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

an appointment or affiliation if the license is not valid or the person is not licensed for at least one

line of authority within the authority of the appointing insurer or affiliating business entity. If a

licensee is not eligible for an electronic appointment or affiliation,

the insurer or business entity will be notified at the time the electronic notice of appointment or

affiliation is not accepted for transmission through the third-party online licensing provider or the

commissioner's website".

The Plaintiff meets all of the necessary criteria, so his appointment should be granted, The

Defendant has decided to make their own rules for eligibility and denied Mr. Glenn's appointment leaving

him with no way to pay off the chargebacks accrued during his earlier relationship with the Americo

Financial Life and Annuity Insurance Company.

It seems the Defendant has forgotten that as life insurance producer, the Plaintiff and other

independent life insurance brokers/agents, pick the carrier and their products to sell. Not the other way

around.

## Untimely commission

The broker agreement I had with the defendant Americo Life Insurance and Annuity company,

through my IMO Family First Life, states that my commission payments will be paid within 36 hours of

approval of an application. This is true with or without initial premium payments from my clients.

Americo has yet to disclose which bank account my direct deposits of commission were paid to. Breach

of contract. [Exhibit A]

## Whistleblower Violations

The Plaintiff has tried other methods to resolve their grievances with The Defendant at no resolve. First

with the administration and then with the Washington State Insurance Commissioner's Office. It appears

that Defendant has taken an adverse action on Mr. Glenn's appointment/ employment status due to his

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

complaints to the state. The Plaintiffs complaints are a protected action and a civil right. For the Defendant to take any action against the Plaintiff is unlawful. The Plaintiff is seeking damages under 41 U.S.C. § 4712.

**Taxes**

Americo, the defendant has yet to send me any tax information to date. The Plaintiff may be penalized for filing late.

## **Prayer for Relief**

I ask the court to impose the requested relief upon the defendant, Americo Life Insurance and Annuity Company, of **$300,000,000 USD**, if and when the court finds judgment in the favor of the Plaintiff, Travis M. Glenn.

The Plaintiff's relief is quantifiable not only by his projected income the Plaintiff would have made if the appointment with not only the Defendant's company but the other 4 carriers that dropped Travis Glenn due to the Defendant's unfair business practices.

The Plaintiff would have had an annual income of $450,000 per year based upon the payments shown in [Exhibit I]. Mr. Glenn's relationship with Americo was through Mr. Glenn's insurance agency, Family First Life. In order to become a top selling producer within the agency you would need to sell $3,000,000 per month. Something the Plaintiff was actively working towards before the Defendants actions pushed him out of the industry.

Now, two years later the Plaintiff asks that the court apply any and all appropriate multipliers and punitive damages when considering the Plaintiffs Prayer for relief of **$300,000,000**.

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY

**Plaintiff**

Travis M. Glenn

Phone: 206-627-9026

Email: trvsglnn3@proton.me

Address: **11419 99th PL NE #204, Kirkland, WA 98033**

11/19/2023

**Defendant**

Americo Financial Life and Annuity Insurance Company

Phone: Administrative Office. 800.231.0801 800.395.9238 (fax)

Address:  **PO BOX 410288. Kansas City, MO, 64141-0288** ...

TRAVIS M. GLENN VS AMERICO FINANANCIAL LIFE AND ANNUITY INSURANCE COMPANY